FORET, Judge.
The main issue in this cause is whether or not an insurance company and/or its agent or broker owes a fiduciary duty to an insured, or whether the relationship between an insurer, its agent and the insured is that of a seller and buyer.
Petitioner, Joy Nell Rushing, in her original petition, filed suit against Eugene Frazier, Sr. and Grace C. Frazier, husband and wife, for damages arising from an automobile accident in Sabine Parish which occurred in May of 1984. Also sued by the plaintiff was Shelter Insurance Company, plaintiff’s insurer, plaintiff alleging in this petition that her husband, Donald Rushing,[1] had never knowingly and voluntarily waived their right to uninsured motorist coverage.
Defendant, Shelter Insurance Company, in addition to other pleadings, filed a motion for summary judgment and attached to the motion a signed rejection (by Donald Rushing) of uninsured motorist coverage in accordance with R.S. 22:1406, which states in part that any document signed by the named insured or his legal representative which initially rejects such coverage (uninsured motorist coverage) or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
The trial court granted Shelter’s motion for summary judgment, reasoning that the terms “conclusive presumption” excluded the introduction (by plaintiff) of any evidence relative to the issue of rejection of uninsured motorist coverage under 22:1406.
*1319 Subsequent to the trial court’s granting of the motion for summary judgment, plaintiff amended her petition, naming Mike Tarver, an insurance agent, as a party defendant and alleging that Mike Tarver and/or his secretary had negligently failed to adequately explain the concept of UM coverage to the plaintiff’s husband prior to their waiving their right to uninsured motorist coverage.[2] In the alternative, in her amending petition, plaintiff claims that Shelter is liable to plaintiff for breach of contract. Mike Tarver and Shelter filed a second motion for summary judgment based on the same facts as that of the first motion for summary judgment. The trial court denied the second motion for summary judgment. Shelter and Tarver applied for writ of certiorari and review to this Court, and we granted same to review the trial court’s rejection of the second motion for summary judgment.[3]
In her opposition to the motion for summary judgment, plaintiff has filed the affidavit of Donald Rushing to the effect that when Mike Tarver’s secretary asked of Donald Rushing, “Do you want uninsured motorist coverage?”, that Donald Rushing asked, “What exactly is it?”, wherein the secretary replied that it was to cover the other person if they don’t have insurance. Donald Rushing then said that if it just covered the other person that he didn’t want it. Accordingly, the secretary entered on the application form that Donald Rushing had waived uninsured motorist coverage. Based on this discourse, plaintiff alleges that they were confused and in doubt as to the UM coverage and therefore were unable to make a knowing and intelligent decision as to whether or not they would opt in favor of such coverage. Defendant contends that under the appropriate statute, R.S. 22:1406(D), the insurer only has the obligation to offer UM coverage.
As stated at the outset of this review then, the first issue is whether or not an insurer owes any fiduciary duty to the insured; or is the relationship between the insurer and the insured that of a seller and buyer with no fiduciary duty on the part of the insurer toward the insured. That question was answered in the case of Legendre v. Rodrigue, 358 So.2d 665 (La.App. 1 Cir. 1978), writ denied, 359 So.2d 1293 (La. 1978), wherein the court squarely held that the relationship between an insurer and insured is that of seller and buyer, which does not create any fiduciary duty upon the insurer flowing to the insured.
Furthermore, R.S. 22:1406(D) provides that the insurer is obligated to offer uninsured motorist coverage to the insured up to the limits of the liability policy unless there is a written rejection by the insured or lesser coverage is requested. Plaintiff is not contending that Shelter’s agent, acting under the scope of his authority, incorrectly filled out the application for insurance. There is no variance between the application and the policy. Plaintiff merely contends that she and her husband were unaware of all the legal ramifications of uninsured motorist coverage, and that the insurance agent negligently failed to inform them as to what uninsured motorist coverage is (or is not).
We subscribe to the reasoning and the holding of Legendre, supra. To hold that there is a fiduciary duty owed by an insurer to an insured to explain any and all facets of coverages contained in an insurance policy, (even such a simple policy as an automobile public liability insurance policy) including uninsured motorist coverage, in all of its ramifications, would be to require of insurance agents knowledge and *1320 expertise which is far beyond that of the ordinary insurance agent, and indeed of many attorneys and judges (including this writer). To so hold, in our opinion, would be to open a floodgate of lawsuits by insureds alleging that this or that coverage under a particular policy was not offered to them, or not adequately or correctly explained to them so that they could or could not make an intelligent waiver of or a selection of a particular coverage.
All that is required of an insurer under R.S. 22:1406(D) is that uninsured motorist coverage shall be afforded to an insured up to the limits of the liability policy, unless there is a rejection or lesser coverage is requested. There is no allegation by the plaintiff that Shelter fraudulently or knowingly and intentionally misled the plaintiff or her husband in this matter. She merely alleges that they unknowingly misunderstood the rejection of uninsured motorist coverage and alleged that Shelter had been negligent in failing to adequately explain the concept of uninsured motorist coverage to plaintiff and her husband, and further that Shelter had failed to adequately train its agents and employees in the proper procedure for explaining the concepts of uninsured motorist coverage to prospective customers and clients. All of these allegations fall far short of alleging fraud or a knowing and intentional misleading of the plaintiff by the insurer. Indeed, insurance companies are in business to make money, and their income is derived from premiums collected from purchasers of insurance. Why then should this insurer discourage the sale of certain coverage which would have brought in an additional premium to the insurer’s coffers, as well as that of the insurance agent?
Accordingly, we are of the opinion that the trial court erred in failing to sustain the second motion for summary judgment, as well as the first, for the reason that there is no genuine issue of material fact that is in dispute, and, that as a matter of law, Shelter Insurance Company and Mike Tarver, the insurance agent, are entitled to judgment dismissing plaintiffs suit with prejudice.
Accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that relator’s motion for summary judgment is sustained and this suit by Joy Nell Rushing against Shelter Insurance Company and Mike Tarver be dismissed with prejudice.
All costs of this appeal, as well as those incurred in the trial court, are assessed against plaintiff, Joy Nell Rushing.
REVERSED AND RENDERED.

. Donald Rushing did not join plaintiff in the original petition. Subsequently, Shelter Insurance Company filed an exception of non-joinder of a necessary party. The record does not reveal that Donald Rushing was ever made a party or ever joined in or intervened in his wife’s petition. In fact, the record does not show a disposition by the trial court of the exception aforementioned.

. Shelter had issued to Donald Rushing an automobile liability policy providing bodily injury limits in the sum of $50,000 per person and $100,000 per accident. The issuing agent was Mike Tarver. On April 23, 1984, an application was obtained from Donald Rushing by Tarver on which Rushing rejected, in writing, uninsured motorist coverage.

. Plaintiff had appealed the first motion for summary judgment, and that matter is now before us' on appeal. However, we have consolidated the appeal judgment with this writ of certiorari, and our decision on the second motion will be dispositive of the first.